# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>J. BALDWIN,  )<br>ATCHINS,  )<br>JEFF DENNISON,  )<br>CAMPBELL,  )<br>WALKER,  )<br>GRISSOM, and  )<br>UNKNOWN PARTY  )<br>  )<br>  )<br>  Defendants.  ) | Case No. 18−cv−0711−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff's Motion for Re-argument and Reconsideration. (Doc. 7). Plaintiff filed this suit on March 29, 2018. (Doc. 1). The Court dismissed the Complaint without prejudice on May 25, 2018. (Doc. 6). Plaintiff filed his motion for reconsideration on June 26, 2018. (Doc. 7). Plaintiff's motion is **DENIED in part and GRANTED in part**. (Doc. 7). The Court will also sua sponte grant Plaintiff a 14-day extension of time to file an amended complaint. Failure to do so will result in dismissal of this action with prejudice.

## The Motion

Plaintiff argues that the Court erred when it held the merit hearing without Plaintiff present. (Doc. 7, p. 1). Plaintiff claims this is a violation of his Sixth Amendment rights. *Id*.

1

Plaintiff alleges that the Court erred in dismissing Count 1 because the Court concluded that Plaintiff could not have been transferred for filing the *Harris v. Calloway* lawsuit because it was filed after he was transferred to Shawnee. (Doc. 7, p. 3). Plaintiff alleges that he had written a grievance at Danville prior to the chain of events that resulted in his transfer to Shawnee. *Id*. Warden Garnett of Big Muddy River Correctional Center specifically told him that he was going to be transferred to Shawnee Correctional Center because he had a history of litigating. *Id*. Plaintiff also refers to the actions of individuals who are not parties to this action. (Doc. 7, pp. 7-8). Generally he alleges that his placement at Shawnee was the ultimate step in a chain of retaliation that began when he filed a grievance in 2016.

Plaintiff argues that the Court's prior order, which noted that Plaintiff did not associate any defendants with Counts 2-4 was incorrect because all defendants acted in conspiracy[1] against him. (Doc. 7, p. 8). He further alleges that he wrote to Baldwin about the conditions at issue in Counts 2-4, but Baldwin never responded. *Id*. Warden Dennison denied a grievance about the food line. (Doc. 7, p. 9). Plaintiff further alleges that Dennison is responsible for the policies and practices of his staff, and for supervising his staff. (Doc. 7, pp. 9-10).

As to Plaintiff's claim regarding sanitation, Plaintiff alleges that he has had allergy reactions and a difficult time breathing as a result of the dirty ventilation system. (Doc. 7, p. 10). He further alleges that the warden fails to supervise the staff and maintain the prescribed cleaning schedule, although there has been more cleaning since lawsuits have been filed. *Id*.

Plaintiff alleges that the Court erred when it calculated the amount of exercise he received at 3.5 hours a week. (Doc. 7, p. 11). Plaintiff alleges that the actual number is 2.5 because he is only scheduled for exercise 5 out of the 7 days. *Id*. Plaintiff alleges that this is

---

[1] The word "conspiracy" is not in the original complaint.

permitted by Dennison, Grissom, and Walker. *Id*. He also states that the normal routine is 25 to 30 minutes of exercise per week. *Id*. He also alleges that Walker turns a blind eye to the fact that her staff ignores her schedule. (Doc. 7, p. 13).

Plaintiff alleges that Dennison and the medical staff at Shawnee knew that he had Hashimoto's Thyroiditis disease but signed off on his denial of a soy diet. (Doc. 7, p. 14).

Plaintiff argues that the Court's dismissal of his claim regarding the failure to respond to grievances is incorrect as a matter of law. (Doc. 7, pp 15-18).

Plaintiff also alleges that his allegations in Count 7 clearly showed a violation of *Wolff v. McDonnell*, 418 U.S. 539 (1974). (Doc. 7, pp. 18-21).

## **Analysis**

Plaintiff states that he brings his motion pursuant to Fed. R. Civ. P. 59(e). The Court's order did not end the case; rather it dismissed the Complaint without prejudice. Rule 59, therefore, is not the correct procedural method for raising Plaintiff's issues because the order contested is not final. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). However, district courts are instructed to look at the substance of such motions to reconsider, not at the label attached by a prisoner. *Id*. at 893-94. The district court has the ability to reconsider non-final orders, both as an exercise of its own discretion, *id.*, and pursuant to Fed. R. Civ. P. 54(b).

Federal Rule of Civil Procedure 54(b) states:

> any order . . . which adjudicates fewer than all of the claims . . . shall not terminate the action as to any of the claims . . . and the order . . . is subject to revision at any time before the entry of judgment. . . .

Under this rule, a court may reconsider its own orders that dispose of less than the entire case prior to final judgment. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp*, 460 U.S. 1 (1983). The Court may, *sua sponte* or on motion, correct clear errors of fact or law in an interlocutory

order. *Diaz v. Indian Head Inc.*, 686 F.2d 558, 562-63 (7th Cir. 1982). The purpose of a motion to reconsider is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Reconsideration is also appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). "A manifest error is not demonstrated by the disappointment of the losing party, instead it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000).

However, Plaintiff's motion, although stretched to 23 type-written pages, does not provide sufficient grounds for the relief he seeks, with one exception. Plaintiff's main argument is that the Court erred by not allowing him to be present at a merits-review hearing. Plaintiff is mistaken if he thinks that the Court held a hearing without him present. No hearing was held. Merits-review hearings are the creation of the Central District of Illinois, but the Southern District is not in the practice of holding them. While the Seventh Circuit has stated that these types of hearings "may" be held, *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015), it has described the practice as "unusual." *Terry*, 888 F.3d at 894. The Court knows of no case or rule of Federal Procedure compelling the practice, and Plaintiff has not pointed to any. Moreover, this Court's local rules specifically state that any matter may be "determined upon the pleadings and the motion papers without oral argument." SDLR 7.1(h). It is an exercise of the Court's discretion whether it will hold a hearing, and the Court finds that nothing about Plaintiff's case

4

compelled it to hold a hearing here. The lack of a hearing does not establish grounds to reconsider the prior order.

The remainder of Plaintiff's motion does one of two things. He either relies on additional facts not present in the complaint, or argues that the law was wrongly decided. The Court anticipated that Plaintiff may have additional facts in his possession that would make his claims viable. That is why Plaintiff was directed to submit an amended complaint on 4 of his claims. As Plaintiff was granted leave to submit an amended complaint, the Court will not consider any of his arguments that its decisions regarding Counts 1-2 and 4-5 were improper. However, the Court will consider Plaintiff's arguments regarding the claims dismissed with prejudice.

The Court dismissed Plaintiff's claim that he was given inadequate exercise in Count 3 with prejudice because Plaintiff had not associated any defendants with this claim, and because it appeared that Plaintiff was given at least 3.5 hours of exercise per week, an amount of exercise that does not state a constitutional claim. Plaintiff's motion to reconsider clarifies that he actually only receives 2.5 hours of exercise per week. Although the Complaint stated "the recreation time on the yard and gym is cut to 25 to 30 minutes per day," (Doc. 1, p. 6), Plaintiff now states that what he actually meant by that was "per day scheduled," i.e. 5 days a week. For the first time, he also alleges that "the normal routine" is a single 25 to 30 minute session of exercise. (Doc. 7, p. 11).

A prisoner who gets only 2.5 hours of recreation a week still states no claim. Plaintiff alleges that *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir. 1995) stands for the proposition that his allegations state a claim, but a 23-year-old case from another circuit is not binding on this Court; only 7th Circuit precedent applies. Plaintiff has not identified an erroneous application of law to facts.

5

However, Plaintiff's new allegation that he actually only receives 25 to 30 minutes of exercise a week might state a claim under Seventh Circuit precedent. For that reason, the Court will change the dismissal of Count 3 to without prejudice, so that Plaintiff may re-plead the claim. Plaintiff should include facts making it plausible that he was regularly denied his weekly scheduled exercise; a few isolated incidents of exercise denial will not merit a recovery.

Plaintiff alleges that the dismissal of Count 6 as legally frivolous was an error. He contends that depriving him of access to the grievance process is effectively depriving him of access to the courts because exhaustion is a precondition to filing suit. While it is true that prisoners are required to exhaust their state remedies prior to filing suit, the unavailability of the grievance system, i.e., the failure of prison officials to process or respond to grievances, is a complete defense to the requirement. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). So it does not deprive a prisoner of access to the courts because a prisoner has an opportunity to explain why his claims are unexhausted. *See Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009)(failure to respond to grievances does not infringe on right to present grievances to court under First Amendment). Plaintiff has cited no case law to the contrary, and so the Court rejects his arguments in support of this claim. Count 6 remains dismissed with prejudice.

Finally, as to Count 7, Plaintiff alleges that, contrary to the Court's statements, he was not contesting the lockdown policy at Shawnee. Instead, he was contesting a plot by which prison officials, their hands being tied by *Rasho v. Walker*, No. 07-cv-1298-MMM, contrive to keep mentally ill inmates in their cells. Plaintiff alleges that there's a policy that when inmates act up, the prison officials permit staff to punish that inmate, not by writing a disciplinary ticket subject to *Wolff* protections, but by imposing punishment on prisoners not involved in the rule

6

violation.  Plaintiff further alleges that he has a liberty interest in not being stripped of his privileges like yard, gym, out-of-cell time, phone calls, and/or commissary privileges without a hearing.

Plaintiff is incorrect.  As discussed more fully in the Court's prior order, which the Court incorporates by reference, none of the things that Plaintiff alleges are liberty interest have been found to be a liberty interest.  Plaintiff only has a liberty interest in life's necessities.  Plaintiff has not cited any case law for the contrary proposition; it appears merely to be his own belief.  Without a liberty interest, Plaintiff states no claim.  Plaintiff has not established that the Court's prior order dismissing Count 7 as legally frivolous was incorrect.  Therefore the Court will not reconsider its prior Order as to Count 7.

Plaintiff chose to file this motion in lieu of complying with the Court's order directing him to file an amended complaint or face dismissal of the action with prejudice no later than June 22, 2018.  Although Plaintiff has failed to comply with the Court's prior order, as it appears that he is still interested in proceeding with this matter, the Court will sua sponte grant him an extension of time of 14 days from the date of this order in which to submit an amended complaint.  Failure to do so will result in dismissal of this action with prejudice and the assessment of a strike pursuant to 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion is **DENIED in part and GRANTED in part**.  (Doc. 7).  The dismissal of Count 3 is changed to without prejudice.  Plaintiff shall file an amended complaint regarding Counts 1-5 no later than July 19, 2018 (14 days).

**IT IS SO ORDERED.**

**DATED: July 5, 2018**

                                                                s/ MICHAEL J. REAGAN
                                                                **Chief Judge**
                                                                 **U.S. District Court**