IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY G. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–0711−MJR |
| | ) | |
| J. BALDWIN, | ) | |
| ATCHINS, | ) | |
| JEFF DENNISON, | ) | |
| CAMPBELL, | ) | |
| WALKER, | ) | |
| TERRY GRISSOM, | ) | |
| HILLE, | ) | |
| DRAFIS, and | ) | |
| FARNAR | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

**REAGAN, Chief District Judge:**

Plaintiff Larry G. Harris, an inmate in Shawnee, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff brings claims pursuant to § 1983 alleging that he has been retaliated against and subjected to unconstitutional conditions of confinement. (Doc. 11). Plaintiff seeks injunctive relief and monetary damages. *Id.*

It has come to the Court's attention that Plaintiff has dramatically under-represented his previous litigation history. (Doc. 11, p. 3). A pro-se prisoner's litigation history is a material element of the complaint because that that information enables a court to manage its docket and adhere to the 3-strikes requirement of 28 U.S.C. 1915(g). *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011). Failure to disclose litigation history is grounds for sanctions, up to and including dismissal with prejudice. *Id.* at 543-44.

1

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** why this case should not be dismissed or monetary sanctions imposed due to the failure to disclose his prior litigation history. Plaintiff shall show case no later than October 30, 2018. Failure to respond to this order may result in dismissal of this action for failure to comply with an order of the Court pursuant to Rule 41(b).

**IT IS SO ORDERED.**

**Dated: October 9, 2018**

**s/ MICHAEL J. REAGAN**
**United States Chief District Judge**