IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-711-SMY-RJD |
| J. BALDWIN, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Substitute Defendants (Doc. 57). Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Following threshold review, Plaintiff was allowed to proceed on the following claims:

**Count 1:** Dennison, Baldwin, Grissom, Campbell, Walker, and Atkins condoned Garnett's retaliatory transfer of Plaintiff to Shawnee Correctional Center based on Plaintiff's litigation and grievance activity in violation of the First Amendment;

**Count 2:** Plaintiff's cell conditions, including lack of ventilation, cold showers, bad mattresses, dust, and otherwise unsanitary conditions, have exposed him to cruel and unusual punishment in violation of the Eighth Amendment and were imposed by Dennison, Grissom, Campbell, Walker, Hille, Drafis, and Farnar; and

**Count 4:** Dennison turned a blind eye to the unsanitary food service at Shawnee in violation of the Eighth Amendment.

On February 25, 2019, Plaintiff filed a Motion to Substitute Defendants (Doc. 40) seeking to replace Defendant Atkins, named as the Southern Region Deputy Director, to his replacement

Defendant Robert Mueller. Plaintiff stated that it was his belief that Robert Mueller had held the position for an extended period of time and that he wanted to drop all alleged claims against Defendant Atkins. The Court directed Defendants to file a response to Plaintiff's motion to clarify who was acting as the Southern Region Deputy Director at the time of Plaintiff's allegations.

Defendants filed a Response (Doc. 50) listing the Southern Region Deputy Directors from January 15, 2017 through the present. Defendants indicated Jeanne Campanella served as Deputy Director from January 16, 2017 to February 1, 2018; Robert Mueller served as Deputy Director from February 1, 2018 to January 31, 2019; and Central Deputy Director John Eilers and Northern Deputy Director Randy Pfister are rotating director calls from January 31, 2019 to present. Based upon Defendants' Response clarifying Mueller was acting as Southern Region Deputy Director during a portion of the time of Plaintiff's allegations, the Court granted Plaintiff's Motion (See Doc. 51) and directed Defendant Mueller to be named in place of Defendant Atkins.

Plaintiff now seeks to substitute Jeanne Campanella in addition to Robert Mueller as a defendant. Plaintiff's Count 1 claim names Mueller for allegedly condoning a retaliatory transfer of Plaintiff to Shawnee. According to the Complaint, Plaintiff was transferred to Shawnee on March 8, 2017. According to Defendants, Jeanne Campanella was serving as the Southern Region Deputy Director on March 8, 2017. Robert Mueller did not begin serving as Deputy Director until February 1, 2018, nearly a year after Plaintiff had been transferred to Shawnee. Plaintiff's motion to substitute is **GRANTED IN PART**.

The Clerk is **DIRECTED** to **SUBSTITUTE** Defendant Jeanne Campanella in place of Robert Mueller. Defendant Mueller shall be terminated from the case. The Clerk of Court shall prepare for Defendant Campanella: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), a copy of the Memorandum and Order at Doc. 18, and this Order to Defendant Campanella's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS SO ORDERED.**

**DATED: May 16, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**