IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-711-SMY |
| | ) |
| J. BALDWIN, et al,, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Larry G. Harris, an inmate of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). He claims Defendants condoned a retaliatory transfer to Shawnee, were deliberately indifferent to his conditions of confinement, and condoned unsanitary food service practices.

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 81), recommending that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dennison, Baldwin, Campbell, Walker, Grissom, Hille, Rehfuss, Farner, and Campanella be granted (Doc. 72). Plaintiff filed a timely objection (Doc. 82). For the following reasons, Judge Daly's Report is **ADOPTED**.

## Background

Following the screening of his Amended Complaint (Doc. 11), Plaintiff is proceeding on the following claims:

>**Count 1**: Dennison, Baldwin, Grissom, Campbell, Walker, and Campanella condoned Garnett's retaliatory transfer of Plaintiff to Shawnee Correctional Center based on Plaintiff's litigation and grievance activity in violation of the First Amendment;
>
>**Count 2**: Plaintiff's cell conditions, including lack of ventilation, cold showers, bad mattresses, dust, and otherwise unsanitary conditions, have exposed him to cruel and unusual punishment in violation of the Eighth Amendment and were imposed by Dennison, Grissom, Campbell, Walker, Hille, Rehfuss, and Farnar;
>
>**Count 4**: Dennison turned a blind eye to the unsanitary food service at Shawnee in violation of the Eighth Amendment.

Defendants filed a Motion for Summary Judgment on grounds that Plaintiff failed to file any grievances against them relevant to Counts 1 and 2.[1]

Plaintiff filed four grievances potentially relevant to Counts 1 and 2.[2] On January 8, 2018, Plaintiff complained that since being moved to his current wing on December 15, 2017, he had not been given cleaning supplies. He discussed the issue with Officer Ashmore, who told him to write the warden. The Grievance Officer's Report was issued on February 13, 2018, recommending that Plaintiff be given cleaning supplies, a conclusion Dennison agreed with. A copy of the report was given to Defendant Campbell for handling. There is no indication Plaintiff pursued the matter further.

On January 18, 2018, Plaintiff filed a grievance complaining that Shawnee was a "punishment prison" with fewer privileges and programs (and worse conditions) than other medium security prisons in the IDOC and that he had been transferred to Shawnee for discipline on a ticket that had been expunged. The grievance counselor responded that the complaint about

---

[1] Defendants concede that a grievance dated February 13, 2018 adequately identifies Dennison in relation to the unsanitary food service complaint in Count 4, and that the claim there is adequately exhausted.

[2] An exhaustive account is detailed in the "Findings of Fact" section of Judge Daly's Report (Doc. 81, pp. 1-5). Because no specific objection has been made to that portion of the Report, the Court adopts those findings of fact and will only summarize the relevant facts herein.

prison classifications was not grievable and that it had been filed outside the 60-day grievance window since he had been transferred to Shawnee nearly a year before. The Administrative Review Board ("ARB") denied Plaintiff's appeal on the grounds that he had submitted his grievance outside the 60-day grievance window.

On February 13, 2018, Plaintiff filed an emergency grievance stating that there was no hot water in the kitchen, tray room or cellhouse, and that this was insufficient to adequately clean dishes and trays. He also complained that there were no steam trays to keep food warm. He noted that some inmates had to take cold showers in the winter because the hot water lasts ten to 20 minutes. He requested that the boiler be repaired and a new boiler added, and also requested steam tables for the food line. On May 14, 2018, the grievance officer recommended denying the grievance, as the kitchen uses chemical sterilization and food is kept hot in the cooking vessels until just before serving. Dennison concurred and it does not appear Plaintiff pursued it to the ARB.

On March 18, 2018, Plaintiff filed a grievance complaining he was denied cleaning supplies to clean his cell by C/O Owens, and that the Cell House Lieutenant and Cell House Major do not supervise their staff. The corrections counselor responded on March 20, 2018 that the C/O said Plaintiff was never denied cleaning supplies. There is no indication that Plaintiff pursued this grievance further.

Judge Daly found that the grievances did not adequately exhaust Plaintiff's claims in Counts 1 and 2 as to Defendants because they were not named or identified in any related grievances. As such, the grievances were insufficient to put IDOC on notice of Plaintiff's retaliation or conditions-of-confinement claim, and there was no evidence that Plaintiff exhausted his administrative remedies as to the claims asserted in Counts 1 and 2.

**Discussion**

As Plaintiff filed a timely objection to the Report, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has conducted a de no review of those portions of the Report subject to objection.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. §1997e(a), which states in pertinent part that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison

administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005).

Illinois' Administrative Code specifies that a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810 (2016). Grievances are not meant to mirror complaints filed in federal court, nor is a plaintiff required to set forth every theory of relief that he may present in a complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). However, grievances should provide the prison with "a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Plaintiff first argues that "most" of the grievances were filed as emergency grievances which are reviewed immediately by the warden (in this case Dennison) and that Dennison signed off on all of the grievance officers' responses and recommendations, "so he is named in [the] grievance process" and the "[g]ist of [the] claim [is] stated to him." (Doc. 82, p. 1). But the question is not whether Dennison was involved in the grievance process, but whether there is enough stated in the grievance to give the prison a reasonable opportunity to address the issue before it matures into a court claim. The fact that Dennison signed off on grievance officer recommendations does not suffice.

As to Count 1 specifically, Plaintiff argues the grievance officer and ARB's finding that he submitted his January 18, 2018 grievance outside the grievance window was flawed, as "running the prison as a disciplinary prison was an ongoing act[.]" However, that is not the basis for Judge Daly's conclusion. She found that the January 18, 2018 grievance "did not name or specifically identify any staff at Shawnee. Moreover, it is not clear from the content of the grievance that Plaintiff is grieving any staff conduct[,]" and was insufficient to put IDOC on notice of the

retaliation issue against Defendants. (Doc. 81, p. 8).

After examining the grievance, the Court agrees. The grievance is devoid of any allegation of retaliatory conduct; Plaintiff complained that the prisoners at Shawnee (all of them) were being punished by being subjected to tighter restrictions and fewer programs than similarly situated prisoners at other medium-security facilities, specifically claiming Fourteenth Amendment Equal Protection and Due Process claims. That is a much different set of issues than what is asserted in Count 1 (that Defendants aided in and turned a blind eye toward the retaliatory transfer that landed him at Shawnee). Plaintiff mentions his belief that the transfer was a "retaliatory measure" for the first time in his letter to the ARB appealing the denial of the January 18, 2018 grievance, but again gives no notice that it involved any conduct by any Defendant. (Doc. 74, p. 8). Because the January 18, 2018 grievance did not reasonably put IDOC on notice of the issue, summary judgment is appropriate.

## Count 2

Plaintiff again argues that "all grievances name [Dennison] as he has the second stage final say." (Doc. 82, p. 2). There is a difference between someone's name being on the grievance form and being named in the grievance. Plaintiff also argues that Dennison referred the cell cleaning issue to Defendant Campbell, who issued an order to provide cell cleaning but did not enforce it. Again, this is found nowhere in Plaintiff's grievances.

Plaintiff's January 8, 2018, February 13, 2018, and March 18, 2018 grievances did not provide adequate notice to IDOC of the claims that underlie Count 2. Further, the record indicates that Plaintiff never pursued these grievances to the end of the administrative review process. As such, summary judgment is appropriate.

## Disposition

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 81) in its entirety. Accordingly, Defendants' Motion for Summary Judgment (Doc. 72) is **GRANTED.**  Plaintiff's claims against Baldwin, Campbell, Walker, Grissom, Hille, Rehfuss, Farner, and Campanella are **DISMISSED without prejudice,** as are Counts 1 and 2 as to Dennison.  The sole remaining claim is Count 4 against Dennison.  The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  May 15, 2020**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**